**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Troy Shumate,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Route 1 Incorporated, *et al.*,<br><br>　　　　　Defendants. | No. CV-22-01786-PHX-JJT<br><br>**ORDER** |

　　　　At issue is Defendants Route1, Inc. and Tony Busseri's Motion for Attorney's Fees (Doc. 54, Mot.), to which Plaintiff Troy Shumate filed a Response (Doc. 55, Resp.) and Defendants filed a Reply (Doc. 56, Reply). The parties did not request oral argument on the Motion, and the Court does not find oral argument necessary to resolve it. *See* LRCiv 7.2(f).

　　　　After necessarily exhausting his administrative remedies, Plaintiff brought this lawsuit raising claims against Defendants of discrimination under Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112(a), and retaliation for taking sick leave under the Arizona Minimum Wage Act (AMWA), A.R.S. §§ 23-364(B), (G). (Doc. 1-3, Compl. ¶¶ 29–44.) The Court granted summary judgment in favor of Defendants on both claims. (Doc. 51, SJ Order.) In their Motion (Mot. at 3), Defendants now seek an award of reasonable attorney's fees under 42 U.S.C. § 1988 (applicable to a civil rights action brought under §§ 1981, 1981a, 1982, 1983, 1985, and 1986, and other statutes not at issue in this lawsuit); 42 U.S.C. § 2000e-5(k) (applicable to a Title VII action); 42 U.S.C.

§ 12117 (incorporating the Title VII remedies as to attorney's fees awards in ADA discrimination actions), and 42 U.S.C. § 12205 (applicable to an ADA action).[1]

The underlying purpose of these attorney's fees provisions is to encourage private enforcement of civil rights laws by making it financially possible for individuals to bring lawsuits to vindicate their rights, so "'policy considerations which support the award of fees to a prevailing plaintiff are not present in the case of a prevailing defendant.'" *Kohler v. Bed Bath & Beyond of Cal., LLC*, 780 F.3d 1260, 1266 (9th Cir. 2015) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 418–19 (1978)). Where, as here, Defendants prevailed at summary judgment on Plaintiff's civil rights claims, the Ninth Circuit has held that attorney's fees "should only be awarded to a defendant in exceptional circumstances," *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990), and "'only upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation,'" *Kohler*, 780 F.3d at 1266 (quoting *Summers v. A. Teichert & Son*, 127 F.3d 1150, 1154 (9th Cir. 1997)).

> Congress and the courts have long recognized that creating broad compliance with our civil rights laws, a policy of the highest priority, requires that private individuals bring their civil rights grievances to court. Even when unsuccessful, such suits provide an important outlet for resolving grievances in an orderly manner and achieving nonviolent resolutions of highly controversial, and often inflammatory, disputes. Guaranteeing individuals an opportunity to be heard in court instead of leaving them only with self-help as a means of remedying perceived injustices creates respect for law and ameliorates the injury that individuals feel when they believe that they have been wronged because society views them as inferior. Our system of awarding attorney's fees in civil rights cases is in large part dedicated to encouraging individuals injured by . . . discrimination to seek judicial relief. . . . This policy was adopted expressly in order to avoid discouraging civil rights plaintiffs from bringing suits, and thus undercutting the efforts

---

[1] While 42 U.S.C. § 1988 does not expressly apply in these circumstances, the Court recognizes that the case law related to awarding attorneys' fees in civil rights actions often cross-references other similar civil rights statutes.

>of Congress to promote the vigorous enforcement of the civil rights laws.

*Harris v. Maricopa Cnty. Superior Ct.*, 631 F.3d at 968, 971 (9th Cir. 2011) (internal quotations and citations omitted) (cleaned up).

An action is frivolous "when the result appears obvious or the arguments are wholly without merit." *Galen v. Cnty. of L.A.*, 477 F.3d 652, 666 (9th Cir. 2007). District courts "must avoid '*post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.'" *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1060 (9th Cir. 2006) (quoting *Warren v. City of Carlsbad*, 58 F.3d 439, 444 (9th Cir. 1995)). As such, a defendant is not entitled to attorney's fees in a civil rights case simply because it prevailed on summary judgment. *Kohler*, 780 F.3d at 1266–67.

Upon review of the record, the Court does not find that the result of this action was obvious or Plaintiff's arguments were wholly without merit. Plaintiff relied on the facts that he experienced an episode of "blood pressure in hypertensive crisis" and his healthcare provider wrote a note stating he was limited to "no strenuous activity" to argue he suffered from a disability under the ADA. (SJ Order at 3, 6.) Although the Court found (SJ Order at 6–7) that Plaintiff's single hypertensive incident due to the long hours and anxiety associated with work, where Plaintiff otherwise claimed he was not limited in his ability to work, was not sufficient to constitute a disability—a substantial limit in Plaintiff's ability to perform a major life activity—Plaintiff's disability claim was not wholly unfounded.

With regard to whether he suffered an adverse employment action, Plaintiff relied on his allegation that he received a message from the executive assistant that his boss was planning on firing him and his discovery that a former employee had been rehired in his position after he accepted a role with less responsibility. (SJ Order at 3.) The Court found that no genuine dispute existed that Plaintiff effectively resigned when he sent an e-mail to Defendant's Board of Directors saying as much. (SJ Order at 3–4.) And the Court could not conclude that the resignation was constructive termination because Plaintiff did not

demonstrate a connection between the resignation and discrimination based on his alleged medical condition or request for sick leave; instead, Plaintiff resigned on account of a "hostile and toxic work environment" that predated Plaintiff's medical condition or request for sick leave. (SJ Order at 7–8.) Although Plaintiff did not provide facts supporting an ADA discrimination or AMWA retaliation claim, those claims were not wholly unfounded.

To show the unreasonableness of Plaintiff's claims against them, Defendants also point to after-acquired evidence that Plaintiff lied about why he missed his first day of work and lied by omission about charges of forgery and physical violence toward a co-worker by previous employers, knowledge of any of which would have stopped Defendants from hiring Plaintiff. The Court understands Defendants' frustration based on their belief that they never should have hired Plaintiff and, if they had not, they would have avoided this lawsuit. But Plaintiff is correct that, in the context of this lawsuit, the after-acquired evidence only limits the damages that would have been available to Plaintiff had he prevailed. (SJ Order at 8.) Put another way, even if Defendants' hiring of Plaintiff was on false premises, Defendants' subsequent discrimination against Plaintiff based on a disability or taking of sick leave would still have been wrongful, had Plaintiff provided the necessary facts to support those claims. Thus, the after-acquired evidence does not demonstrate the unreasonableness of Plaintiff's claims.

In sum, in keeping with the policy of awarding attorney's fees to a defendant in a civil rights case such as this one only in exceptional circumstances and upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, the Court will deny Defendants' request for attorney's fees.

**IT IS THEREFORE ORDERED** denying Defendants' Motion for Attorney's Fees (Doc. 54).

Dated this 14th day of May, 2025.

Honorable John J. Tuchi
United States District Judge